# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

JUSTIN W. JENKINS,

          Plaintiff,

    v.

CORTEVA, INC., et al.

          Defendants.

CASE NO. 1:22-CV-1976-RLY-DLP

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANTS' JOINT MOTION TO TRANSFER</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ................................................................................................................... 3

ARGUMENT ........................................................................................................................ 5

I.      VENUE IS PROPER IN THE MIDDLE DISTRICT OF NORTH CAROLINA .. 6

II.     PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER ................ 6

      A.     The Majority of Public and Private Interest Factors Weigh in Favor of Transfer or are Neutral ....................................................................... 7

      B.     The Public Interest Factors Weigh Heavily in Favor of Transfer. .................. 10

      C.     The Plaintiff's Choice of Forum Should Be Given Little Deference ............ 13

CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambrosetti v. Oregon Catholic Press,*
No. 3:20-CV-371-JD-MGG, 2021 WL 423742 (N.D. Ind. Feb. 8, 2021) .......................13

*Bland v. Edward D. Jones & Co., L.P.,*
No. 18-cv-03673, 2020 WL 7027595 (N.D. Ill. Nov. 30, 2020) .......................14

*Campbell v. Campbell,*
262 F. Supp. 3d 701 (N.D. Ill. 2017) .......................10

*Chambers v. N. Am. Co. for Life and Health Ins.,*
No. 1:11 CV 3528, 2011 WL 5868214 (N.D. Ill. Nov. 8, 2011) .......................14

*Coffey v. Van Dorn Iron Works,*
796 F.2d 217 (7th Cir. 1986) .......................5, 10

*Connor v. Kotchen,*
No. 1:18-CV-01118-SEB-DML, 2019 WL 1298585 (S.D. Ind. Mar. 21, 2019) .......................7

*Cont'l Grain Co. v. The FBL-585,*
364 U.S. 19 (1960) .......................2, 9, 11

*De Falco v. Vibram USA, Inc.,*
No. 12 C 7238, 2013 WL 1122825 (N.D. Ill. Mar. 18, 2013) .......................11

*Ellis v. T-H Pro. & Med. Collections, Ltd.,*
No. 1:20-CV-00828-JMS-TAB, 2020 WL 4673258 (S.D. Ind. Aug. 12, 2020) .......................12, 13

*Ferens v. John Deere Co.,*
494 U.S. 516 (1990) .......................9

*First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.,*
No. 04 C 2728, 2004 WL 1921059 (N.D. Ill. July 21, 2004) .......................9

*Gates v. Syrian Arab Republic,*
755 F.3d 568 (7th Cir. 2014) .......................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
564 U.S. 915 (2011) .......................6

*Hecker v. Petco Animal Supplies, Inc.,*
No. 16 C 10857, 2017 WL 2461546 (N.D. Ill. June 7, 2017) .......................11

*Heckler & Koch, Inc. v. Tippman Sport, LLC,*
No. 109-CV-0560-WTL-TAB, 2009 WL 4907016 (S.D. Ind. Dec. 11, 2009) .......................6

*In re Factor VIII or IX Concentrate Blood Prod. Litig.*,
    484 F.3d 951 (7th Cir. 2007) ........................................................................................ 9

*J.B. ex rel. Benjamin v. Abbott Lab'ys, Inc.*,
    No. 12-cv-385, 2013 WL 452807 (N.D. Ill. Feb. 6, 2013) ..................................... 13

*Jaramillo v. DineEquity, Inc.*,
    664 F. Supp. 2d 908 (N.D. Ill. 2009) .............................................................. 7, 14

*K.H.B. v. UnitedHealthcare Ins. Co.*,
    2018 WL 4913666 (N.D. Cal. Oct. 10, 2018) ........................................................ 11

*Kendall U.S.A., Inc. v. Cent. Printing Co.*,
    666 F. Supp. 1264 (N.D. Ind. 1987) ................................................................. 8, 9

*Law Bulletin Publ'g Co. v. LRP Publ'n, Inc.*,
    992 F. Supp. 1014 (N.D. Ill. 1998) ...................................................................... 10

*Medi USA, L.P. v. Jobst Institute, Inc.*,
    791 F. Supp. 208 (N.D. Ill. 1992) ........................................................................ 13

*Perry v. Cable News Network, Inc.*,
    No. 14 C 1194, 2014 WL 4214873 (N.D. Ill. Aug. 25, 2014) ............................. 10

*Post Media Sys. LLC v. Apple Inc.*,
    No. 19 C 5538, 2020 WL 833089 (N.D. Ill. Feb. 20, 2020) ................................ 14

*Preston v. Am. Honda Motor Co.*,
    No. 17 C 3549, 2017 WL 5001447 (N.D. Ill. Nov. 2, 2017) ................................ 9

*Qurio Holdings, Inc. v. DIRECTV, LLC*,
    No. 14-CV-7502, 2015 WL 1943278 (N.D. Ill. Apr. 29, 2015) ............................ 7

*Rosen v. Spirit Airlines, Inc.*,
    152 F. Supp. 3d 1055 (N.D. Ill. 2015) .......................................................... 10, 12

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ............................................................................. 5, 10

*Somers v. Flash Tech. Corp. of Am.*,
    No. IP00-455-C-B/S, 2000 WL 1280314 (S.D. Ind. Aug. 25, 2000) .................... 7

*TIG Ins. Co. v. Brightly Galvanized Prods., Inc.*,
    911 F. Supp. 344 (N.D. Ill. 1996) ........................................................................ 11

*United States v. Gonzales & Gonzales Bonds and Ins. Agency, Inc.*,
    No. 1:09-cv-1068-WTL-TAB, 2010 WL 2265213 (S.D. Ind. May 27, 2010) ........ 12

*Van Dusen v. Barrack,*
376 U.S. 612 (1964) ...................................................................................................5, 11

**Statutes & Rules**

15 U.S.C. § 22 .................................................................................................................6

28 U.S.C. § 1404(a) ...............................................................................................passim

Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta"), Corteva, Inc. ("Corteva"), CHS Inc. ("CHS"), and Nutrien Ag Solutions, Inc. ("Nutrien") (collectively, "Defendants"), respectfully submit this memorandum in support of their Motion to Transfer pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Middle District of North Carolina.[1]

## PRELIMINARY STATEMENT

Syngenta and Corteva have been named as defendants in eleven actions across two districts, all arising out of the same alleged facts and asserting overlapping antitrust claims. The first of these lawsuits was filed by the Federal Trade Commission ("FTC") and ten state attorneys general (collectively, the "Government Plaintiffs") in the Middle District of North Carolina. Putative class actions filed by alleged consumers soon followed, in both the Middle District of North Carolina and the Southern District of Indiana. It is important to all parties as well as the courts that these matters be handled with the maximum efficiency. As discussed below, the defense witnesses, documents and experts are entirely overlapping. Transfer will allow for efficient discovery and prevent inconsistent rulings on matters with nearly identical alleged facts.

This case should be transferred to the Middle District of North Carolina. On balance, North Carolina is a more convenient forum to hear these disputes. The Government Plaintiffs action and two putative class actions are pending in North Carolina. The North Carolina plaintiffs' motion to consolidate their cases has already been granted, and they are coordinating with the Government Plaintiffs. Syngenta Crop Protection LLC has its headquarters and principal place of business in North Carolina, and Syngenta witnesses relevant to the subject matter of the litigation are located there. There are claims based both in state and federal law pending against both parties

---

[1] In moving to transfer, Defendants expressly reserve, and do not waive, all rights and defenses, including with respect to personal jurisdiction.

in North Carolina. The fact that the Government Plaintiffs action and a consolidated putative class action are already pending in North Carolina weighs in favor of that forum.

Parallel proceedings in two separate districts would impose an unnecessary burden on the witnesses. Although the parties probably could create some efficiencies even between actions located in different states, it is usually more difficult to do so with multiple district judges juggling conferences, discovery, and substantive motions, not to mention class certification and trial. Transfer would eliminate the burden on witnesses whose testimony is relevant to both actions and would otherwise need to appear multiple times in different states. The circumstances here are precisely those that the Supreme Court has explained Section 1404(a) was designed to prevent. *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent.").

In contrast to the important efficiencies that would result from transfer, there is no countervailing interest justifying plaintiffs' litigating their claims in this Court. This District has no more connection to this lawsuit than the Middle District of North Carolina. Of the fourteen plaintiffs who have filed putative class actions, none is a resident or citizen of Indiana. Syngenta's relevant business decisions were generally made in North Carolina and Corteva's were generally made in Indiana and in Delaware. The remaining Defendants' business decisions were made all over the country—Texas, Colorado, Minnesota, and Tennessee, among others.

Defendants respectfully request the Court transfer this action to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a). Defendants have conferred with Plaintiff, who opposes this motion.

## BACKGROUND

The first of what are now eleven lawsuits was filed in the Middle District of North Carolina by the Government Plaintiffs on September 29, 2022, against Syngenta and Corteva. *FTC et al. v. Syngenta Crop Protection AG et al.*, 22-cv-828-TDS-JEP (M.D.N.C.). The Government Plaintiffs allege that Syngenta and Corteva each have created and maintained loyalty programs with their own distributors in order to restrict the market for generic alternatives and charge supracompetitive prices for their products. *See* Complaint ¶ 3, *FTC v. Syngenta Crop Protection AG et al.*, 22-cv-828-TDS-JEP, ECF No. 1 (M.D.N.C. Sept. 29, 2022).

On October 7, 2022, the first of two putative class action complaints in the Middle District of North Carolina was filed against the same defendants, Syngenta and Corteva, and alleging federal and state antitrust violations arising out of the same operative facts alleged in the Government Plaintiffs' complaint. *Anderson v. Syngenta Crop Protection AG et al.*, No. 22-cv-858, ECF No. 1 (M.D.N.C. Oct 7, 2020). The same day, Plaintiff Jenkins filed the instant action in this District. *Jenkins v. Corteva, Inc. et al.*, No. 22-cv-1976-RLY-DLP, ECF No. 1 (S.D. Ind. Oct 7, 2022). Jenkins's federal antitrust claims arise out of the same alleged facts, but in addition to Syngenta and Corteva, he names as defendants CHS, an agricultural cooperative, and Nutrien, a wholesaler and retailer of crop protection products, and John Doe wholesalers and retailers.

The second putative class action complaint in the Middle District of North Carolina was filed on October 20, 2022, again bringing state and federal antitrust claims against Corteva and Syngenta based on the same operative facts. *Croscut v. Syngenta Crop Protection AG et al.*, No. 22-cv-899, ECF No. 1 (M.D.N.C. Oct. 20, 2022). The Government Plaintiffs action, *Anderson* and *Croscut* have all been assigned to Chief Judge Thomas D. Schroeder. On November 7, the private plaintiffs moved to consolidate their cases. *Anderson*, No. 22-cv-858-TDS-JEP, ECF No. 22 (M.D.N.C. Nov. 7, 2022). The court granted the motion to consolidate on November 21, 2022. *Id.*, ECF No. 25.

Moreover, counsel in *Anderson* and *Croscut* have stated they have been coordinating with the FTC and state attorneys general. (Segall Decl. ¶ 10.)

Over a month later, on November 17, 2022, twelve plaintiffs, all represented by the law firms Cohen & Malad, LLP and Roberts Law Firm, among others, filed seven putative class action complaints in this District. *Chuck Day Farms Partnership v. Syngenta Crop Protection AG et al.*, 22-cv-2222 (S.D. Ind.); *Bradley Day Farms v. Syngenta Crop Protection AG*, No. 22-cv-02223 (S.D. Ind.), *Danny Day, Jr. Farms et al. v. Syngenta Crop Protection AG*, No. 22-cv-02225 (S.D. Ind.), *Shelby Farms LLC et al. v. Syngenta Crop Protection AG*, No. 22-cv-02226 (S.D. Ind.), *M and M Farms Partnership et al. v. Syngenta Crop Protection AG*, No. 22-cv-02227 (S.D. Ind.), *HYS Farms LLC v. Syngenta Crop Protection AG*, No. 22-cv-02229 (S.D. Ind.), *Scott Day Farms v. Syngenta Crop Protection AG*, No. 22-cv-02230 (S.D. Ind.). These plaintiffs bring federal antitrust claims against: Corteva; Syngenta; Nutrien; BASF SE, a multinational chemical producer, BASF Corporation, a BASF American affiliate, BASF Agricultural Products Group, a division of BASF (collectively, "BASF"); Helena Agri-Enterprises, LLC ("Helena"), an agricultural distributor; and John Doe wholesalers and retailers. Their claims again arise out of the same alleged facts as those in the Government Plaintiffs, *Anderson*, *Croscut* and *Jenkins* cases.

In sum, Defendants Syngenta and Corteva have been named as defendants in eleven antitrust lawsuits brought in federal courts in North Carolina and Indiana. Those lawsuits are being pursued by a federal government agency, ten state attorneys general, and private plaintiffs who hail from Illinois, Texas, New York, and Arkansas, and who are represented by eleven law firms. The defendants in these lawsuits, including Syngenta and Corteva, are headquartered in seven states: North Carolina, Indiana, Delaware, New Jersey, Texas, Colorado, Minnesota, and Tennessee.

In the interest of convenience and judicial efficiency, Defendants now move to transfer this case to North Carolina, where all the private plaintiffs can coordinate with the FTC and state attorneys general.

## ARGUMENT

The federal statute governing transfer of civil actions, 28 U.S.C. § 1404(a), provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The statute permits a flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citation and quotation marks omitted). The purpose of the section is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted).

When assessing a Section 1404(a) motion, courts examine: (1) whether the action could have been brought in the proposed transferee district originally, and (2) whether private and public considerations of convenience and fairness favor transfer. 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Here, there are several factual points that support transfer to North Carolina pursuant to § 1404(a), including: (1) Plaintiff could have brought this action in North Carolina; (2) Plaintiff does not reside in this District; (3) most Defendants and witnesses are located outside of this District; (4) it is more efficient for the private lawsuits to be brought in the same district as the Government Plaintiffs' action; and (5) the considerations of convenience and interests of justice weigh strongly in favor of transfer. It would be inefficient and could result in inconsistent rulings if two different courts were to decide similar discovery and

substantive motions. There is simply no reason, given the non-existent ties between the Plaintiff in the Southern District of Indiana and the action he filed, to clog two courts' dockets.

I.     VENUE IS PROPER IN THE MIDDLE DISTRICT OF NORTH CAROLINA.

In moving to transfer venue, "[t]he threshold question . . . is whether the case could have been brought in the proposed transferee district." *Heckler & Koch, Inc. v. Tippman Sport, LLC*, No. 109-CV-0560-WTL-TAB, 2009 WL 4907016, at *2 (S.D. Ind. Dec. 11, 2009). Because this action could have been brought in the Middle District of North Carolina, this threshold question is satisfied.

This civil action could have originally been brought in the Middle District of North Carolina because Defendants transact business in that judicial district. The instant case asserts claims under federal antitrust laws. (*See Jenkins* Compl. ¶¶ 150-80.) In such suits, venue is proper "in any district wherein [the corporation] may be found or transacts business." 15 U.S.C. § 22. Defendant Syngenta Crop Protection, LLC has its headquarters and principal place of business in North Carolina, and all Defendants transact business within that district. (*See, e.g., Jenkins* Compl. ¶¶ 19, 21; Segall Decl. ¶ 13; Hawkins Decl. ¶ 5.) Personal jurisdiction lies there for most Defendants based on contacts with the United States giving rise to Plaintiff's putative nation-wide class action claims.[2] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011); (Segall Decl. ¶ 13; Hawkins Decl. ¶ 5.)

II.    PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER.

Whether transfer is appropriate turns on the relative connections of the transferee and transferor courts to the underlying case, the convenience of each forum to the parties and the

---

[2] Defendants expressly reserve, and do not waive, all rights and defenses with respect to personal jurisdiction. This reservation of rights does not impact the transfer motion, because if personal jurisdiction does not lie in North Carolina for any particular Defendant, it would not lie in Indiana, either.

interest of justice. To make this determination, courts consider private interest factors such as: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location where the claims arose, (4) ease of access to sources of proof, and (5) the plaintiff's choice of forum. *See Connor v. Kotchen*, No. 1:18-CV-01118-SEB-DML, 2019 WL 1298585, at *6 (S.D. Ind. Mar. 21, 2019). Courts also consider public interest factors, including judicial efficiency, congestion of dockets, familiarity with the law and the local forum's interest in the dispute. *Qurio Holdings, Inc. v. DIRECTV, LLC*, No. 14-CV-7502, 2015 WL 1943278, at *6–7 (N.D. Ill. Apr. 29, 2015). As discussed below, both the private and public factors strongly weigh in favor of transfer to North Carolina.

> A. The Majority of Public and Private Interest Factors Weigh in Favor of Transfer or are Neutral

Because of the efficiency of coordinating all lawsuits in one district, the convenience of the parties and witnesses weigh strongly in favor of transfer to North Carolina.

Convenience of the Witnesses. Convenience of the witnesses—often "the most significant" factor—weighs strongly in favor of transferring this action to the North Carolina. *See Somers v. Flash Tech. Corp. of Am.*, No. IP00-455-C-B/S, 2000 WL 1280314, at *3 (S.D. Ind. Aug. 25, 2000). Transfer permits the efficient coordination of related actions and allows for a single scheduling order for all pending cases, which will eliminate the burden on witnesses to appear multiple times in different states to give substantially the same testimony. *See Gates v. Syrian Arab Republic*, 755 F.3d 568, 579 (7th Cir. 2014) ("Parallel proceedings in separate federal courts should ordinarily prompt judicial action to avoid duplicative efforts."), *overruled on other grounds by Rubin v. Islamic Republic of Iran*, 830 F.3d 470 (7th Cir. 2016). The convenience to third-party witnesses is a key consideration. *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009). Such coordination also allows a single court to grapple with discovery issues, large and small, that may arise in these cases. There need only be a single protective order, a single electronic discovery protocol, etc.

Because the issues in the various lawsuits are substantially similar and involve industry-wide questions of federal antitrust law, Defendants Corteva and Syngenta intend to call various party and non-party witnesses from industry participants throughout the country who will testify to the nature of the programs at issue in this action and the industry in general. Unless this Court transfers this action, these witnesses will appear in both the Indiana actions *and* the North Carolina actions. (Segall Decl. ¶ 14.) This will require both non-party and party witnesses to travel to and appear in multiple fora to give substantially the same testimony. This would be a highly disruptive, inconvenient and inefficient outcome that can be avoided by transfer. *Kendall U.S.A., Inc. v. Cent. Printing Co.,* 666 F. Supp. 1264, 1268 (N.D. Ind. 1987) ("The disruption of witnesses is a factor to be considered when analyzing convenience."). Although Defendants Nutrien and CHS, who are not Defendants in the North Carolina actions, may need to call additional witnesses beyond those called by Corteva and Syngenta, these witnesses are located all across the country as well. Therefore, neither district is more convenient and, on balance, this factor weighs heavily in favor of transfer.

Convenience of the Parties. It is also more convenient for the parties to litigate this action in North Carolina. Defendants seek to transfer this action to the jurisdiction in which Defendant Syngenta Crop Protection, LLC's principal place of business is located. (Compl. ¶¶ 19, 21.) It would be more convenient and efficient for Corteva to defend itself in one jurisdiction, where the FTC action and the private lawsuits can be coordinated. All remaining Defendants are located throughout the country, making this District no more convenient than North Carolina.

Plaintiff cannot argue that this District—**in which Plaintiff does not resides and is not alleged to have purchased any products at issue**[3]—is any more convenient for him than North Carolina. "Where, as here, the chosen forum is not the plaintiff's residence, the defendant's place of

---

[3] *See* Compl. ¶ 17 (alleging Plaintiff is a resident of Texas and that he "purchased CPPs" without specifying where).

residence becomes more important in determining the convenience to the parties." *Kendall*, 666 F. Supp. at 1268; *see also In re Factor VIII or IX Concentrate Blood Prod. Litig.*, 484 F.3d 951, 956 (7th Cir. 2007) (explaining that "if the plaintiff is suing far from home, it is less reasonable to assume that the forum is a convenient one").

Transferring this action to North Carolina also is more convenient because it permits coordination between and among the private plaintiffs and the Government Plaintiffs. The private plaintiffs' cases in North Carolina have already been consolidated (Segall Decl. ¶ 9), and those private plaintiffs are coordinating with the parallel Government Plaintiff action (Segall Decl. ¶ 10). It would be inefficient and burdensome to allow lawsuits involving substantially the same issues to proceed in parallel in separate district courts. *See Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) ("We have made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" (quoting *Cont'l Grain Co.*, 364 U.S. at 26)). If this case is not transferred, Corteva and Syngenta will unnecessarily expend resources to defend against substantially similar allegations arising out of the same alleged facts in two districts, requiring substantially the same discovery in these parallel proceedings. This factor weighs heavily in favor of transfer to North Carolina.

<u>Location Where Claims Arose</u>. Regarding the situs of material events, "the location of material events for purposes of venue is the location where the defendant's decisions and activities that gave rise to the claim took place." *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004). Where a corporate defendant's conduct is at issue, courts often look to where the underlying business decisions were made. *See, e.g.*, *Preston v. Am. Honda Motor Co.*, No. 17 C 3549, 2017 WL 5001447, at *3 (N.D. Ill. Nov. 2, 2017). Syngenta's relevant business decisions were generally made in North Carolina and Corteva's were generally

made in Indiana and in Delaware.  (Segall Decl. ¶ 13; Hawkins Decl. ¶¶ 4-5.)  The remaining

Defendants' business decisions were made all over the country—Texas, Colorado, Minnesota, and

Tennessee, among others.[4]  Because the situs of material events is concentrated in no single district,

this factor should be afforded no weight.  *See Perry v. Cable News Network, Inc.*, No. 14 C 1194, 2014

WL 4214873, at *2 (N.D. Ill. Aug. 25, 2014) (noting that, where "the situs of events occurred

nationwide", this factor is neutral).

      Ease of Access to Sources of Proof.  This factor has no impact on the analysis.  "[I]n an era

of electronic documents, easy copying and overnight shipping, this factor assumes much less

importance than it did formerly."  *Campbell v. Campbell*, 262 F. Supp. 3d 701, 710 (N.D. Ill.

2017) (internal quotation marks omitted).  Thus, "[t]he location of records typically has no impact

on the transfer analysis unless extraordinarily voluminous or otherwise difficult to ship."  *Rosen v.

Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1060 (N.D. Ill. 2015).

      **B.**      The Public Interest Factors Weigh Heavily in Favor of Transfer.

      Transfer to North Carolina is also in the interest of justice.  The interest of justice analysis is

tied to the "efficient administration of the court system."  *Rsch. Automation, Inc.*, 626 F.3d at 978; *see

also Coffey*, 796 F.2d at 221.  Specifically, the interest of justice element "embraces traditional notions

of judicial economy, rather than the private interests of the litigants and their witnesses."  *Law

Bulletin Publ'g Co. v. LRP Publ'n, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998) (quoting *TIG Ins. Co. v.

Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996)).  In considering the interest of

justice, courts consider such factors as "docket congestion and likely speed to trial in the transferor

and potential transferee forums" and "each court's relative familiarity with the relevant law."  *Rsch.

Automation*, 626 F.3d at 978.

---

[4] CHS and Nutrien intend to file declarations in support of this motion.

Judicial Efficiency and Time to Trial.  One factor that courts frequently consider in determining the interests of justice is "the desire to avoid multiplicity of litigation resulting from a single transaction or event."  *K.H.B. v. UnitedHealthcare Ins. Co.*, No. C 18-04175 WHA, 2018 WL 4913666, at *3 (N.D. Cal. Oct. 10, 2018).  Indeed, "the purpose of [Section 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen*, 376 U.S. at, 622 (internal quotation marks omitted).  The Supreme Court has warned:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

*Cont'l Grain Co.*, 364 U.S. at 26.

The pendency of the Government Plaintiffs action weighs heavily in favor of transfer to North Carolina.  Transfer will allow a single court to "determine the most efficient way of proceeding, whether by consolidation or coordination."  *Hecker v. Petco Animal Supplies, Inc.*, No. 16 C 10857, 2017 WL 2461546, at *6 (N.D. Ill. June 7, 2017) (citations omitted).  Trying the related actions separately, in two different district courts, would result in "duplicative document productions, depositions, and briefing," placing an unnecessary and expensive burden on defendants and the federal court system itself.  *De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *11 (N.D. Ill. Mar. 18, 2013).  It makes little sense for two district courts to devote their limited time and resources to grappling with the similar discovery issues that are likely to arise in these cases.  Allowing the cases to proceed on duplicative, parallel tracks would also create a heightened prospect of inconsistent results, diminishing the parties' confidence in the finality of any adjudication of the asserted claims.  *See Hecker*, 2017 WL 2461546, at *6.

Transfer will enable one court to adjudicate the common issues that predominate across the related cases, preventing unnecessary duplicative proceedings and conserving scarce judicial resources. *See Rosen*, 152 F. Supp. 3d at 1064 (listing various measures a transferee court can take to promote judicial efficiency). It will also require only one judge to become familiar with the common factual background and legal issues, further promoting judicial efficiency. *See United States v. Gonzales & Gonzales Bonds and Ins. Agency, Inc.*, No. 1:09-cv-1068-WTL-TAB, 2010 WL 2265213, at *2 (S.D. Ind. May 27, 2010) ("[I]t is far more efficient overall for a single judge to become familiar with the common legal issues and how the law is applied than for several judges to do so."). Indeed, the benefits of coordination in a single district are already playing out in North Carolina, as (1) plaintiffs in *Anderson* and *Croscut* have filed a motion for consolidation, which has been granted, and (2) plaintiffs in all actions there are coordinating on a joint proposed electronically sensitive information protocol and a joint proposed protective order. (Segall Decl. ¶¶ 8–10.) So far as we know, no similar coordination has occurred in this District. This factor accordingly weighs strongly in favor of transfer.

Docket Congestion. The relative congestion of the transferor court and the potential transferee court weighs heavily in favor of transfer. "This Court is the second busiest District in the country, as measured by weighted filings per judgeship." *Ellis v. T-H Pro. & Med. Collections, Ltd.*, No. 1:20-CV-00828-JMS-TAB, 2020 WL 4673258, at *5 (S.D. Ind. Aug. 12, 2020). In fact, the Southern District of Indiana has more than seven times the number of pending cases than does the Middle District of North Carolina, and the judges in this District accordingly have significantly higher caseloads. *See* Federal Court Management Statistics, United States District Courts—National Judicial Caseload Profile, 22, 51 (2022). Judges in the Middle District of North Carolina have an average of 378 cases on their dockets, whereas judges in this District have an average of 2,367— more than six times as many. *See id.* Given the heavy caseload in the Southern District of Indiana,

courts of this District recognize that "this factor weighs in favor of transfer." *Ellis*, 2020 WL 4673258, at *5.

Familiarity with Relevant Law. Relative familiarity with the governing law does not weigh for or against transfer. These antitrust cases concern federal statutory law, with which federal courts are presumed to be equally familiar. *See, e.g., Medi USA, L.P. v. Jobst Institute, Inc.*, 791 F. Supp. 208, 211 (N.D. Ill. 1992) (presuming equal familiarity with federal patent law among district courts); *Ambrosetti v. Oregon Catholic Press*, No. 3:20-CV-371-JD-MGG, 2021 WL 423742, at *6 (N.D. Ind. Feb. 8, 2021) (same for federal copyright law).

Local Interest. This District has no greater interest in the present dispute than the Middle District of North Carolina. As discussed above, Plaintiff does not reside in this District. Defendants' decisions were made throughout the country, including in North Carolina. There is no single district where the balance of third-party witnesses is found. The documentary evidence in this case may be electronically delivered anywhere in the country. Accordingly, no particular local federal district has an inherently greater interest than any other, and this factor does not favor one particular local district over another.

C.     The Plaintiff's Choice of Forum Should Be Given Little Deference

Because it is no more convenient for Plaintiff to litigate this case in Indiana than in North Carolina and it is significantly more convenient for the Defendants to defend themselves in one district, the Court should not afford any deference to Plaintiff's choice of forum.

A plaintiff's choice of forum is entitled to less deference "when another forum has a stronger relationship to the dispute, when the forum of plaintiff s choice has no significant connection to the site of material events, or in the context of nationwide class actions." *J.B. ex rel. Benjamin v. Abbott Lab'ys, Inc.*, No. 12-cv-385, 2013 WL 452807, at *4 (N.D. Ill. Feb. 6, 2013)

(citations omitted). Here, the Court should afford little to no weight to Plaintiff's choice of forum because he is not a resident of Indiana, and he purports to represent a nationwide class.

The Court should afford no deference to Plaintiff's choice of forum because he purports to represent a nationwide class and is litigating outside his home forum. *See Chambers v. N. Am. Co. for Life and Health Ins.*, No. 1:11 CV 3528, 2011 WL 5868214, at *3 (N.D. Ill. Nov. 8, 2011) ("[B]ecause Plaintiff represents a putative class and opted to litigate outside of her home forum, we afford Plaintiff's choice of forum little weight."). "[I]n putative class actions, many courts discount th[e] weight" given to a plaintiff's choice of forum. *Bland v. Edward D. Jones & Co., L.P.*, No. 18-cv-03673, 2020 WL 7027595, at *8 (N.D. Ill. Nov. 30, 2020). In a putative class action, "if class certification occurred, the named [plaintiff's] choice of venue will not be the home venue for all plaintiffs and any venue selected is bound to be inconvenient to some plaintiffs." *Jaramillo*, 664 F. Supp. 2d at 914. Further, as explained above, this District is no more convenient to any private plaintiff than North Carolina because Plaintiff is not litigating in his home forum. *See Post Media Sys. LLC v. Apple Inc.*, No. 19 C 5538, 2020 WL 833089, at *2 (N.D. Ill. Feb. 20, 2020) ("Where a plaintiff does not reside in his chosen forum, the deference owed his choice is substantially reduced.").

Plaintiff's claims warrant even less deference because Indiana has no stronger connection to this case than North Carolina. Plaintiff's claims challenge Corteva and Syngenta's agreements with distributors and / or retailers, including CHS and Nutrien. Syngenta's relevant business decisions were made in North Carolina and Corteva's were made in Indiana and in Delaware. The remaining Defendants' business decisions were made all over the country—Texas, Colorado, Minnesota, and Tennessee, among others. For reasons of convenience of the witnesses, convenience of the parties, judicial efficiency and avoiding crowded dockets, North Carolina is the appropriate forum.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that this Court should transfer this action to the United States District Court for the Middle District of North Carolina.

Respectfully submitted this 22nd day of November, 2022.

BARNES & THORNBURG LLP

/s/   *John R. Maley*
John R. Maley
11 S. Meridian Street
Indianapolis, IN 46204
Telephone:  317-236-1313
Facsimile:  317-231-7433
jmaley@btlaw.com

Katherine B. Forrest*
kforrest@cravath.com
David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Defendant Corteva, Inc.*

* *Pro hac vice* forthcoming

ICE MILLER LLP

/s/   *George A. Gasper*
George A. Gasper
One American Square Suite 2900
Indianapolis, IN 46282
Telephone:  317-236-2275
Facsimile:  317-592-4665
george.gasper@icemiller.com

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Attorneys for co-Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

* *Pro hac vice* forthcoming

BRYAN CAVE LEIGHTON PAISNER LLP

/s/  *Matt Petersen*
Matt Petersen
matt.petersen@bclplaw.com
Paul J. Lopach*
paul.lopach@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 861-0200

G. Patrick Watson*
patrick.watson@bclplaw.com
Lindsay Sklar Johnson*
lindsay.johnson@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

*Attorneys for co-Defendant Nutrien Ag Solutions, Inc.*

* *Pro hac vice* forthcoming

FAEGRE DRINKER BIDDLE &
REATH LLP

/s/   *Kathy Osborn*
Kathy Osborn
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@faegredrinker.com

Colby Anne Kingsbury
colby.kingsbury@faegredrinker.com
FAEGRE DRINKER BIDDLE &
REATH LLP
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

*Attorneys for co-Defendant CHS Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 22, 2022, the foregoing

document was served on all attorneys of record via the Court's CM/ECF system.

BARNES & THORNBURG LLP

/s/   *John R. Maley*
John R. Maley
11 S. Meridian Street
Indianapolis, IN 46204
Telephone:  317-236-1313
Facsimile:  317-231-7433
jmaley@btlaw.com

Katherine B. Forrest*
kforrest@cravath.com
David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Defendant Corteva, Inc.*

* *Pro hac vice* forthcoming