# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLES ANDERSON, on behalf of himself and all others similarly situated,<br><br>     *Plaintiff,*<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>     *Defendants.* | CASE NO. 1:22-cv-858-TDS-JEP |
| FREDERICK C. CROSCUT, on behalf of himself and all others similarly situated,<br><br>     *Plaintiff,*<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>     *Defendants.* | CASE NO. 1:22-cv-899-TDS-JEP |

## UNOPPOSED MOTION TO CONSOLIDATE

## Matter Before the Court

Pursuant to Fed. R. Civ. P. 42, Plaintiffs Charles Anderson and Frederick Croscut submit this Motion respectfully requesting the Court to consolidate these two actions. Plaintiffs have conferred with Defendants and Defendants support consolidation.

## Statement of Facts

On September 29, 2022, the Federal Trade Commission and various states filed suit against Defendants alleging violations of the FTC Act, Sherman Act, Clayton Act, and various state laws. *Fed. Trade Comm., et al. v. Syngenta Crop Protection AG, et al.*, 1:22-cv-828-TDS-JEP (M.D.N.C.), Dkt. 1 ("FTC Complaint"). Specifically, the FTC alleged that Syngenta and Corteva violate these laws through the use of loyalty programs with respect to certain of their branded crop protection products that have the purpose and effect of suppressing competition from generic competitors, exercising monopoly and market power to increase prices above competitive levels, and increasing prices to consumers. *See generally id.* The FTC Complaint alleged misconduct against Syngenta with respect to crop protection products containing the active ingredients Azoxystrobin, Mesotrione, and Metolachlor. *Id.* at ¶¶ 84-115. The FTC Complaint alleged misconduct against Corteva with respect to crop protection products containing the active ingredients Rimsulfuron, Oxamyl, and Acetochlor. *Id.* at ¶¶ 116-143. The FTC Complaint was assigned to Your Honor.

On October 7, 2022, Plaintiff Charles Anderson filed suit against Defendants alleging violations of the Sherman Act and various state laws with respect to the same conduct and same active ingredients at issue in the FTC Complaint. *See* 1:22-cv-858-TDS-

2

JEP, Dkt. 1 ("Anderson Complaint"). On October 20, 2022, Plaintiff Frederick Croscut filed suit against Defendants alleging violations of the same laws based on the same active ingredients as the Anderson and FTC Complaints. *See* 1:22-cv-899-TDS-JEP, Dkt. 1 ("Croscut Complaint"). The Anderson and Croscut Complaints allege identical class definitions. Anderson Compl. at ¶ 108; Croscut Compl. at ¶ 108. Both the Anderson and Croscut Complaints were assigned to Your Honor as related to the FTC Complaint.

## **Question Presented**

Should the Anderson and Croscut cases be consolidated with each other when they allege the same misconduct, against the same Defendants, involving the same active ingredients, and on behalf of the same classes and when both cases are at the same stage of proceedings and all parties consent to consolidation?

## **Argument**

Fed. R. Civ. P. 42 provides that actions may be consolidated for trial and/or to avoid unnecessary cost or delay when they involve common questions of law and fact. Fed. R. Civ. P. 42. The Anderson and Croscut Complaints are essentially identical and as such present numerous common questions of law and fact, primarily whether Defendants' conduct with respect to the active ingredients at issue violate state and federal antitrust and consumer protection laws.

As such, this Court has discretion to order consolidation and should weigh "the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a

single suit, and the relative expense required for multiple suits versus a single suit." *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (quoting *Arnold v. Eastern Air Lines*, 681 F.2d 186, 193 (4th Cir.1982)). Here, the Anderson and Croscut Complaints are "making substantially similar allegations which would impose a greater burden on all parties, witnesses, and judicial resources if each were maintained separately." *Id.* Further, as in *In re Cree*, "[n]o party opposes consolidation of these cases" and consolidation "would avoid the possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties." *Id.*

Consolidation would avoid duplicative briefing, discovery requests, document productions, expert reports, depositions and pre-trial filings, and class certification proceedings. The alternative would be working up and trying the same case twice. Simply put, consolidation would maximize efficiency, minimize redundancies, and eliminate the threat of inconsistent rulings inherent in separate proceedings—all of which would serve the Court, the parties, and the interests of justice.

## Conclusion

For the forgoing reasons, plaintiffs in the two actions respectfully request that the Court consolidate these two actions.

4

Respectfully submitted, this the 7th day of November, 2022,

*/s/ Gagan Gupta*
Gagan Gupta (NCSB #: 53119)
Email: ggupta@paynterlaw.com
Stuart M. Paynter (NCSB #: 42379)
Email: stuart@paynterlaw.com
Sara C. Willingham (NCSB #: 45661)
Email: swillingham@paynterlaw.com
**THE PAYNTER LAW FIRM, PLLC**
106 S. Churton Street, Suite 200
Hillsborough, NC 27278
Telephone: (919) 729-2149

Linda P. Nussbaum
Email: lnussbaum@nussbaumpc.com
Susan R. Schwaiger
Email: schwaiger@nussbaumpc.com
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

*Counsel for Plaintiffs Anderson and Croscut*

Vincent Briganti
Email: vbriganti@lowey.com
Christian Levis
Email: clevis@lowey.com
Roland R. St. Louis, III
Email: rstlouis@lowey.com
Noelle Feigenbaum
Email: nfeigenbaum@lowey.com
**LOWEY DANNENBERG P.C.**
44 South Broadway
White Plains, NY 10601
Telephone: (914) 997-0500

5

George A. Zelcs
Email: gzelcs@koreintillery.com
Randall P. Ewing, Jr.
Email: rewing@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750

*Counsel for Plaintiff Charles Anderson*

Roberta D. Liebenberg
Gerard A. Dever
Rachel K. Sommer
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Tel: (215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
rsommer@finekaplan.com

*Counsel for Plaintiff Frederick Croscut*

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CHARLES ANDERSON, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>*Defendants.* | CASE NO. 1:22-cv-858-TDS-JEP |
| FREDERICK C. CROSCUT, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>*Defendants.* | CASE NO. 1:22-cv-899-TDS-JEP |

**[PROPOSED] ORDER**

THIS MATTER is before the Court upon the Unopposed Motion to Consolidate filed by

Plaintiffs in the cases captioned *Anderson v. Syngenta et al.*, Civil Action No. 1:22-cv-858-TDS-

JEP (M.D.N.C.) ("*Anderson*") and *Croscut v. Syngenta et al.*, Civil Action No. 22-cv-899-TDS-

JEP (M.D.N.C.) ("*Croscut*") (Doc. 22 in Civil Action No. 1:22-cv-858; Doc. 14 in Civil Action

No. 1:22-cv-899).

IT APPEARING TO THE COURT that there is good cause for the cases to be consolidated, including that there are common issues of fact and law in the two cases;

AND IT FURTHER APPEARING that all Plaintiffs in each case, through counsel, have consented to the granting of the motions and the motions are unopposed;

IT IS THEREFORE ORDERED that *Anderson* and *Croscut* are hereby consolidated for purposes of discovery and trial.

_____

United States District Judge

Date: _____, 2022

2