IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN W. JENKINS<br><br>             Plaintiff,<br><br>vs.<br><br>CORTEVA, INC.; SYNGENTA CROP PROTECTION AG; SYNGENTA CORP.; SYNGENTA CROP PROTECTION, LLC; CHS INC.; NUTRIEN AG SOLUTIONS, INC.; JOHN DOE DEFENDANT WHOLESALERS 1-5; AND JOHN DOE DEFENDANT RETAILERS 6-10,<br><br>             Defendants. | **CIVIL ACTION NO. 1:22-cv-1976-RLY-DLP** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND CONTINUANCE OF INITIAL PRETRIAL CONFERENCE**

Plaintiff Justin Jenkins respectfully submits this brief in opposition to Defendants' Joint Motion for Extension of Time to Respond to Complaint and Continuance of Initial Pretrial Conference ("Defendants' Motion").

**FACTUAL BACKGROUND**

1.      On September 29, 2022, the FTC and the attorneys general of ten states, including the state of Indiana, brought suit against Syngenta and Corteva in the Middle District of North

Carolina ("M.D.N.C.") alleging an unlawful conspiracy to suppress generic competition in the markets for crop protection products (the "FTC Action").[1] As part of this alleged conspiracy, Syngenta and Corteva—who manufacture branded crop protection products ("CPPs")—pay distributors and retailers "loyalty payments" in exchange for their agreement to minimize the sale of less-expensive generic CPPs that compete with their branded CPPs (the "Loyalty Payments Conspiracy").[2]

2.      On October 7, 2022, Plaintiff Justin Jenkins ("Plaintiff") filed an action in this District alleging that he and all other similarly-situated individuals suffered harm as a result of the Loyalty Payments Conspiracy (the "Jenkins Action" or this "Action"). ECF No. 1. Plaintiff named as defendants the manufacturers Syngenta and Corteva, as well as various named and unnamed distributors and retailers who participated in the alleged conspiracy ("Defendants"). *Id.*

3.      The Jenkins Action was the first private antitrust suit regarding the Loyalty Payments Conspiracy. Subsequently, seven additional cases were filed in this District (together with the Jenkins Action, the "Indiana Cases"), and two additional cases were filed in the M.D.N.C.[3]

4.      On October 28, 2022, Defendants moved to extend their time to answer Plaintiff's complaint to December 16, 2022. ECF No. 10. Plaintiff agreed to this request, and the Court granted that extension on November 1, 2022. ECF No. 13. Thereafter, on November 16, 2022, Magistrate Judge Doris L. Pryor issued a scheduling order setting a November 29, 2022 deadline

---

[1] Complaint, *Federal Trade Commission, et al. V. Syngenta Crop Protection AG, et al.*, No. 22-828 (M.D.N.C. Sept. 29, 2022), ECF No. 1. ("FTC Complaint.")

[2] *Id.*

[3] *Anderson v. Syngenta Crop Protection AG et al*., No. 22-858, ECF No. 1 (M.D.N.C. Oct 7, 2020); *Croscut v. Syngenta Crop Protection AG et al.*, No. 22-899, ECF No. 1 (M.D.N.C. Oct. 20, 2022).

for counsel to file a proposed Case Management Plan ("CMP") and scheduling the initial pretrial conference ("IPC") for December 6, 2022. ECF No. 20.

5. Defendants now seek yet another extension, this time over Plaintiff's objection. In Defendants' Motion, Defendants request that the Court (1) extend the deadline to move or answer until Defendants' motions to transfer the Indiana Cases to the M.D.N.C. have been decided, and (2) adjourn the December 6, 2022 IPC and all related case management deadlines pending disposition of the transfer motions. ECF No. 25.

## ARGUMENT

6. Defendants' Motion should be denied. The mere fact that Defendants seek to transfer this Action to another venue does not entitle them to a stay of these proceedings. *See, e.g.*, *Kantner v. Merck & Co.*, No. 04-2044, 2005 U.S. Dist. LEXIS 32982, at *8-9 (S.D. Ind. Jan. 26, 2005) (noting absence of "any controlling authority which requires a stay" during the pendency of a transfer motion and ruling on remand motion before any potential transfer).[4] Defendants cite no authority to the contrary.

7. Nor should the Court exercise its discretion to stay these proceedings. Defendants' transfer motion (ECF No. 27)—which Plaintiff will oppose—is unlikely to be granted.[5] As the party seeking transfer under Rule 1404, Defendants bear the burden of showing

---

[4] *See also Jozwiak v. Stryker Corp.*, No. 09-1985, 2010 U.S. Dist. LEXIS 8103, at *5 (M.D. Fla. Jan. 11, 2010) (noting "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation" and exercising discretion to deny motion to stay proceedings pending ruling on motion to transfer); and *Wishon v. Monsanto Co.*, No. 13-770, 2013 U.S. Dist. LEXIS 147349, at *3 (W.D. Okla. Oct. 11, 2013) (denying motion to stay case pending a decision by the JPML).

[5] Notably, the JPML already rejected an attempt to add this action to an existing MDL. *See* Notice of Potential Tag-Along Action, *In re: Crop Inputs Antitrust Litigation*, MDL No. 2993 (Oct. 14, 2022), ECF No. 162; Notice to Counsel, *In re: Crop Inputs Antitrust Litigation*, MDL No. 2993 (Oct. 19, 2022), ECF No. 164.

that transfer is warranted.[6] Defendants cannot meet that burden. To the contrary, the "first-to-file" rule and the traditional private and public interest factors considered under Rule 1404 (convenience of the parties, the convenience of the witnesses, and the interests of justice) all militate *against* transfer.

8.  "A plaintiff's choice of forum should not be disregarded lightly" and courts in this District "have indicated a 'strong preference' for a plaintiff's forum choice."[7] Of the ten private suits filed since the FTC Action was brought, eight are pending in this District, including this first-filed Action. As the vast majority of private plaintiffs have filed in this District, this District is plainly the plaintiffs' "choice of forum."

9.  Nor can Defendants meet their burden of showing that the transferee forum is "clearly more convenient" than this District.[8] Corteva, a defendant crucial to Plaintiff's allegations and common to all of the current actions, is headquartered in this District.[9] This District, moreover, is far more convenient than the M.D.N.C. to the bulk of parties and likely witnesses, the majority of whom are not located in either this District or the M.D.N.C. Indianapolis is home to a major airport, offering many more direct flights to litigation participants traveling in from out of town than Greensboro's airport. Indianapolis also has more hotel accommodations than either Winston-Salem or Greensboro.

---

[6] *Simpson v. Thor Motor Coach*, No. 19-33, 2019 U.S. Dist. LEXIS 86035, at *4 (N.D. Ind. May 22, 2019) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)).

[7] *Am. Commer. Lines, LLC v. Ne. Mar. Inst., Inc.*, 588 F. Supp. 2d 935, 945 (S.D. Ind. 2008) (quoting *Hinc v. Lime-O-Sol Co.*, 231 F.Supp.2d 795 (N.D. Ill. 2002); *Cumis Ins. Soc. Inc. v. South-Coast Bank*, 587 F.Supp. 339, 348 (N.D. Ind. 1984)).

[8] *Coffey*, 796 F.2d at 219-20.

[9] Of the two named manufacturer defendants, one (Corteva) is headquartered in Indianapolis, Indiana, and the other (Sygenta) is headquartered in North Carolina. Of the named distributor and retailer defendants, none reside in either district.

10. The interest of justice, too, weighs heavily against transfer. Indiana—one of the 10 states that joined the FTC action—is home to some 94,000 farmers, many of whom were injured by Defendants' alleged conspiracy to inflate CPP prices, and thus has a special relationship to the litigation. North Carolina, by contrast, did not join the FTC Action. Defendants seek transfer here likely to avail themselves of arguments in the M.D.N.C, which are not available here, that if accepted could block farmers from approximately twenty states from participating in this case and receiving any recovery *even if they had suffered overcharges*. The Court should not adjourn the IPC and the related CMP deadlines to allow Defendants time to forum shop.

11. The fact that the FTC Action was filed in the M.D.N.C. does not alone warrant transfer.[10] Because the FTC would not be involved in class certification proceedings—and because there are legal and evidentiary burdens that private plaintiffs must satisfy that do not apply to the FTC, including the resource- and expert-intensive task of establishing damages—the private cases and the FTC Action would necessarily involve different witnesses and are highly likely to proceed on different schedules with different trials *even if they were all in the M.D.N.C.*[11]

12. In any event, as Defendants concede in their transfer motion, plaintiffs' counsel can coordinate with FTC and "create . . . efficiencies" in either jurisdiction (including on discovery matters). ECF No. 28 at 2. Underscoring this reality, counsel for Plaintiff here has already begun coordinating with the FTC, as have other plaintiffs' counsel. *Id.* at 4.

---

[10] Other FTC actions have been litigated in different districts than related, follow-on private actions. *See, e.g.*, *FTC v. Meta Platforms*, Inc. No. 22-mc-88-JEB (D.D.C.) (FTC action); *Klein et al v. Meta Platforms, Inc*., No. 20-8570 (N.D. Cal.) (follow-on private antitrust class action).

[11] *See, e.g.*, *King Drug Co. v. Abbott Labs.*, No. 19-3565, 2020 U.S. Dist. LEXIS 1143 (E.D. Pa. Jan. 6, 2020) (FTC action on a different schedule and tried separately and before the private case).

13.     While Defendants claim that their request for a schedule extension and an adjournment to the ICP has not been made "for the purpose of delay," ECF No. 25 at 7, delay to these proceedings is certain to occur if the Motion is granted. The current scheduling order requires that the parties hold a Rule 26(f) conference prior to the filing of the proposed CMP, due November 29, 2022. *See* ECF No. 20 at 2 ("An IPTC is not a substitute for the conference required by Fed. R. Civ. P. 26(f). In addition to and in advance of their submission of proposed case management plan . . . , counsel must confer and plan for discovery as required by Fed. R. Civ. P. 26(f)(2) and (3)."). The Rule 26(f) conference is also, under the federal rules, required before a plaintiff can serve initial document requests. *See* Fed. R. Civ. P. 26(d). If the Court adjourns the IPC and the related CMP deadlines, Defendants have made clear that they will not confer pursuant to Rule 26(f), impeding Plaintiff's ability to take preliminary discovery. No justification for such delay exists, particularly given the weakness of Defendants' transfer arguments. The IPC (and other related conferences and submissions) should take place as scheduled.

14.     Even if the Court is inclined to adjourn the IPC, it should require the Defendants to produce to Plaintiff certain limited discovery to advance this case and reduce any prejudice to Plaintiff during the pendency of the transfer motion. Specifically, Defendants should be compelled to produce the unredacted FTC Complaint, a copy of the materials that each Defendant produced to the FTC, and transactional data showing, among other things, sales and the transference of loyalty payments. Courts commonly order such early discovery in private

antitrust cases that follow government actions.[12] The burden in producing these materials is minimal, and Plaintiff is willing to enter into a protective order to ensure their confidentiality.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion.

DATED: November 23, 2022   Respectfully submitted,

          */s/ John Radice*

          _____

          John Radice (pro hac vice)
          Natasha Fernandez-Silber (pro hac vice forthcoming)
          Daniel Rubenstein (pro hac vice forthcoming)
          Kenneth Walsh (pro hac vice forthcoming)
          **RADICE LAW FIRM, P.C.**
          475 Wall Street
          Princeton, NJ 08540
          Phone: (646) 245-8502
          Fax: (609) 385-0745
          jradice@radicelawfirm.com
          nsilber@radicelawfirm.com
          drubenstein@radicelawfirm.com
          kwalsh@radicelawfirm.com

          R. Lyn Stevens (pro hac vice forthcoming)
          **STEVENS LAW FIRM**
          1782 Mountain Springs
          Canyon Lake, Texas 78133
          Phone: (409) 880-9714

---

[12] Courts commonly order such early discovery in private antitrust cases that follow government actions. *See, e.g.*, *In re: Resistors Antitrust Litigation*, No. 15-3820 (N.D. Cal. Feb. 2, 2016), Dkt. 112 (ordering production of documents previously produced to Department of Justice 28 days before filing of consolidated complaint); *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, No. 19-21551 (S.D. Fla. Apr. 6, 2020), Dkt. 207 ("Records already produced by Defendants to the Department of Justice and other foreign and domestic government entities will be produced to Plaintiffs upon request. All other discovery is stayed pending resolution of the forthcoming motion to dismiss."); *In re: Diisocyanates Antitrust Litigation*, No. 18-mc-1001 (W.D. Pa. Jan. 15, 2019), Dkt. 149 (granting production of document previously produced to Department of Justice based on lack of burden and because "efficiency and economy is best served by production at this time").

Lyn@Stevens.Law

*Counsel for Plaintiff and the Proposed Class*