# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN W. JENKINS<br><br>    Plaintiff,<br><br>    v.<br><br>CORTEVA, INC., et al.<br><br>    Defendants. | CASE NO. 1:22-CV-1976-RLY-DLP |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR JOINT MOTION FOR EXTENSION OF TIME AND CONTINUANCE

Defendants Corteva, Inc. ("Corteva"), Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (together, "Syngenta"), CHS Inc. ("CHS"), and Nutrien Ag Solutions, Inc. ("Nutrien") respectfully submit this reply brief in further support of their joint motion to extend time to respond to the Complaint and to continue the initial pretrial conference (Dkt. No. 30).[1]

## ARGUMENT

1. Plaintiff does not dispute that this case is just one of at least 11 related cases involving Corteva's and Syngenta's crop protection loyalty programs that have been filed in two different courts before four different district court judges and six different magistrates. Nor does he dispute that Defendants' request for an extension and

---

[1] In moving for an extension of time, Defendants expressly reserve, and do not waive, all rights and defenses, including with respect to personal jurisdiction.

adjournment would facilitate the coordination and/or consolidation of these cases to secure the just, efficient and least expensive determination of each pending case.

2. Yet, Plaintiff not only opposes Defendants' request for an extension and adjournment, but also seeks immediate discovery. He argues that the deadline for responsive pleadings should not be extended and the initial pretrial conference should not be continued because Defendants' transfer motion "is unlikely to be granted" (Pl.'s Resp. ¶¶ 6-12); and he claims discovery should begin "to advance this case and reduce any prejudice to Plaintiff" (*Id.* ¶¶ 13-14). Plaintiff is wrong.

3. The deadline to respond to the Complaint should be extended, and the initial pretrial conference should be adjourned, irrespective of whether Defendants are likely to prevail in seeking to transfer this case to the Middle District of North Carolina, where the first-filed case is pending. The deadline for responsive pleadings should be extended and the initial pretrial conference should be adjourned to permit the 11 pending cases to be coordinated before one court. There is no reason to have 11 substantially-similar cases proceeding on different tracks.

4. Whether this case is transferred to the Middle District of North Carolina or remains here, it makes sense to extend the existing date to move/answer and to adjourn the initial pretrial conference because doing so will (i) allow time for the pending cases to be coordinated and/or consolidated; (ii) avoid the submission of duplicative answers and/or motions to dismiss, the need for which is nearly certain to be obviated by amended and consolidated pleadings; (iii) forgo an initial conference until all 11 cases are better coordinated and all defendants have been served and have retained counsel; (iv) conserve

party and judicial resources; and (v) prevent any party from being advantaged or disadvantaged while the parties (and the courts) develop a plan to manage the cases.

5. Even if the present motion—which simply seeks the extension of the deadline to respond to the Complaint and adjournment of the initial pretrial conference—turned on whether this case is ultimately transferred to North Carolina, Plaintiff's opposition misses the mark. As set in out in Defendants' transfer motion, there are numerous reasons to transfer this case to North Carolina, including, among other things, that: (i) Plaintiff could have brought this action in North Carolina; (ii) Plaintiff does not reside in this District; (iii) most Defendants and witnesses are located outside of this District; (iv) it is more efficient for the private lawsuits to be brought in the same district as the Government Plaintiffs' action; and (v) the considerations of convenience and interests of justice weigh strongly in favor of transfer. It would be inefficient and could result in inconsistent rulings if two different courts were to decide similar discovery and substantive motions.

6. In the interest of time and avoiding unnecessary duplication, Defendants do not respond in full here to Plaintiff's argument against transfer of this case to North Carolina; we will do so when Plaintiff responds to the transfer motion. But given Plaintiff's focus on *where* the case should be transferred, instead of *whether* the deadlines in question should be deferred, we briefly address Plaintiff's transfer contentions, which mispresent and/or elide the most relevant considerations.

7. Plaintiff contends the case should not be transferred because it was the first-filed private action, there are more cases pending in this district than in any other, and

litigating here would be most convenient. (*Id.* ¶¶ 6-12.) However, the first-filed case was not this case, but rather the action filed by the FTC and 10 states in the Middle District of North Carolina. Plaintiff merely copied their allegations and filed a copy-cat case here. While this case may have been filed slightly earlier than the first non-governmental case filed in North Carolina, any such time advantage is of little consequence, because the first non-governmental case filed in North Carolina, *Anderson v. Syngenta Crop Protection AG et al.*, No. 22-cv-858, ECF No. 1 (M.D.N.C. Oct 7, 2020), was filed on the *same day* the complaint was filed in this case.

8.  It is true that, to date, more cases have been filed in this district than in the Middle District of North Carolina. But that is only because the same group of plaintiffs elected to file essentially identical complaints against exactly the same defendants on behalf of different individual plaintiffs, who all seek to proceed on a class-wide basis on behalf of exactly the same class. While not impermissible, that tactic—frequently used by plaintiffs' counsel jockeying for control of related cases that will ultimately be coordinated and/or consolidated—merits little weight in the transfer analysis. The court's inquiry is not so superficial; nor are the interests of justice so easily fooled.

9.  Plaintiff's claim that this district "is far more convenient than the M.D.N.C. to the bulk of parties and likely witnesses" (Pl.'s Resp. ¶ 9) is incorrect. Litigating Plaintiff's case in this district would almost certainly mean the pending cases would have to be litigated in two different districts, i.e., this district and the Middle District of North Carolina. The same lawyers who filed seven nearly-identical cases in Indiana on the same day filed an MDL motion shortly after Defendants advised them that Defendants

would be seeking to have all of the cases litigated in North Carolina. While the private cases filed in North Carolina could be transferred to this district, the government action cannot be transferred to this district under 28 U.S.C. § 1407(g). Thus, not transferring this case and instead proceeding in this district would almost certainly mandate parallel proceedings, which would necessitate duplicative litigation, imposing undue delay, burden and expense on the parties, third-party witnesses and the federal judiciary.

10. Plaintiff argues that Indiana has a special relationship with this litigation because Indiana joined the FTC action (which was filed in M.D.N.C.), and because Indiana "is home to" a lot of farmers. (Pl.'s Resp. ¶ 10.) However, 10 states joined the FTC action in North Carolina, and there are farmers in all of those states and in North Carolina. In fact, a search of USDA data shows that North Carolina is home to 45,100 farm operations.[2] What's more Plaintiff is not a farmer in Indiana. (Compl. ¶ 7.) No Indiana farmer has come forward as a plaintiff in these related lawsuits.[3]

11. Plaintiff purports to oppose adjournment of the initial case management conference on the ground that it would delay these proceedings. However, adjourning the conference until the cases are coordinated and/or consolidated would not result in any meaningful delay in the progress of the collective litigations. There is no question that the pending cases require some form of coordination and consolidation. No party in any

---

[2] *North Carolina State Agriculture Review*, USDA (2021), https://www.nass.usda.gov/Quick_Stats/Ag_Overview/stateOverview.php?state=NORTH%20CAROLINA.

[3] Plaintiff states that (1) "Indianapolis is home to a major airport, offering many more direct flights to litigation participants traveling in from out of town than Greensboro's airport"; and (2) "Indianapolis also has more hotel accommodations". (Pl.'s Resp. ¶ 9.) But neither district has a meaningful advantage over the other based on airport access or hotel accommodation. In arguing otherwise, Plaintiff ignore the fact that the three busiest airports in North Carolina—Charlotte Douglas, Raleigh-Durham and Piedmont Triad (Greensboro)—are all within 90 minutes of the Winston-Salem courthouse. Charlotte-Douglas is the sixth-busiest airport in the US by number of landings, whereas Indianapolis is the 47th.[3] *CY 2021 Commercial Service Airports, Rank Order*, FAA (Sep. 16, 2022), https://www.faa.gov/sites/faa.gov/files/2022-09/cy21-commercial-service-enplanements.pdf.

case has expressed a contrary view, and Chief Judge Schroeder in the Middle District of North Carolina, who presides over the government action and two private cases pending there, has already consolidated the private cases.

12. By contrast, proceeding with the initial pretrial conference in this case would result in undue burden and expense—and probably also delay—as it is nearly certain that anything done would have to be redone when the cases are coordinated and/or consolidated. Decisions about case management should be made with input from all of the parties in all of the cases, not just from those who happen to be party to the first case in which a case management order issues. The parties to the newly-filed Indiana cases, some of which are not parties to this case, have not even been served. Thus, there is good cause to reschedule the initial pretrial conference until after all parties in the related cases have been served and can collaborate in devising a sensible case management plan.

13. As a fallback to his request to proceed with the initial pretrial conference, Plaintiff asks the Court to require the Defendants to begin providing discovery, including highly-sensitive transaction data, *before* a single document request has been issued, *before* the parties have met and conferred on discovery issues, *before* a protective order has been issued, and *before* the cases have been coordinated so as to benefit all parties, third parties and the courts. None of the cases cited by Plaintiff, which involve post-coordination discovery, justifies his request, and we are not aware of any support for it.

14. No party to this proceeding will be prejudiced by extending the deadline to respond to the Complaint and adjourning the initial pretrial conference. On the contrary, all parties in all of the related cases and the courts will benefit from coordination of the

pending cases, which the relief requested by the present motion will facilitate. Defendants have filed similar motions for an extension of time in which to answer, move or otherwise respond in the three North Carolina cases, and the plaintiffs in the private cases in North Carolina have consented to Defendants' motions for an extension of time.

15. In opposing Defendants' motion to extend the deadline to respond to the Complaint and adjourn the initial pretrial conference and in seeking to secure early discovery for himself, Plaintiff and his counsel appear to seek a tactical advantage vis-à-vis plaintiffs in the other pending cases and their counsel. However, the mere fact that deferring the deadline to respond to the Complaint and adjourning the pretrial conference would prevent Plaintiffs from gaining an advantage over rival plaintiffs in related cases is no reason to deny Defendants' motion.

16. In sum, the Court should (i) extend their time within which to answer, move or otherwise respond up to and including a date after disposition of Defendants' motion to transfer (to be set by the transferee court, if the motion to transfer is granted, or by this Court, if the motion to transfer is denied); and (ii) continue the initial pre-trial conference, currently set for December 6, and related Case Management Plan deadline of November 29, until after the disposition of Defendants' motion to transfer. Nothing in Plaintiff's opposition brief justifies a different result.

Respectfully submitted this 28th day of November, 2022.

        BARNES & THORNBURG LLP

        /s/ *John R. Maley*
        John R. Maley
        11 S. Meridian Street
        Indianapolis, IN 46204
        Telephone: 317-236-1313
        Facsimile: 317-231-7433
        jmaley@btlaw.com

        Katherine B. Forrest*
        kforrest@cravath.com
        David R. Marriott*
        dmarriott@cravath.com
        Margaret T. Segall*
        msegall@cravath.com
        CRAVATH, SWAINE & MOORE LLP
        825 Eighth Avenue
        New York, New York 10019
        Telephone: (212) 474-1000
        Facsimile: (212) 474-3700

        *Attorneys for Defendant Corteva, Inc.*

        * *Pro hac vice* forthcoming

ICE MILLER LLP

/s/   *George A. Grasper*
George A. Gasper
One American Square Suite 2900
Indianapolis, IN 46282
Telephone:  317-236-2275
Facsimile:  317-592-4665
george.gasper@icemiller.com

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Attorneys for co-Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

* *Pro hac vice* forthcoming

BRYAN CAVE LEIGHTON PAISNER LLP

/s/   *Matt Petersen*
Matt Petersen
matt.petersen@bclplaw.com
Paul J. Lopach*
paul.lopach@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 861-0200

G. Patrick Watson*
patrick.watson@bclplaw.com
Lindsay Sklar Johnson*
lindsay.johnson@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

*Attorneys for co-Defendant Nutrien Ag Solutions, Inc.*

* *Pro hac vice* forthcoming

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ *Kathy Osborn*
Kathy Osborn
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@faegredrinker.com

Colby Anne Kingsbury
colby.kingsbury@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

*Attorneys for co-Defendant CHS Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2022, I caused the foregoing DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR JOINT MOTION FOR EXTENSION OF TIME AND CONTINUANCE, and all attachments thereto, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Counsel for all parties in this case, listed below, are registered CM/ECF users and will be served by the CM/ECF System:

John Radice
Daniel Rubenstein
Kenneth Walsh
RADICE LAW FIRM, P.C.
475 Wall Street
Princeton, NJ 08540
Phone: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
drubenstein@radicelawfirm.com
kwalsh@radicelawfirm.com

R. Lyn Stevens
STEVENS LAW FIRM
1782 Mountain Springs
Canyon Lake, Texas 78133
Phone: (409) 880-9714
Lyn@Stevens.Law
*Counsel for Plaintiff and the Proposed Class*

BARNES & THORNBURG LLP
/s/   *John R. Maley*
John R. Maley
jmaley@btlaw.com
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: 317-236-1313
Facsimile: 317-231-7433

Katherine B. Forrest*
kforrest@cravath.com
David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Pro hac vice*

*Attorneys for Defendant Corteva*