**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

———————————————————————————— :
IN RE: CROP PROTECTION PRODUCTS      :
LOYALTY PROGRAM                      :
ANTITRUST  LITIGATION                :        MDL DOCKET NO.
———————————————————————————— :

**SOUTHERN DISTRICT OF INDIANA PLAINTIFFS' AMENDED MOTION TO TRANSFER CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST CASES TO THE SOUTHERN DISTRICT OF INDIANA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Southern District of Indiana Plaintiffs Bradley Day Farms, Chuck Day Farms, Danny Day, Jr. Farms, Danny Day, Jr. & Son Farm Partnership, Shelby Farms, LLC, Hanna Farms, LLC, Choctaw Farms, LLC, G&P Farms Partnership, M and M Farms Partnership, Brick Farms, Inc., Scott Day Farms, and HYS Farms, LLC. ("Indiana Plaintiffs") respectfully move the Judicial Panel on Multidistrict Litigation ("Panel") under 28 U.S.C. §1407 and the Rules of the Panel for an order transferring the two private civil crop protection products loyalty program class action antitrust cases filed in the Middle District of North Carolina to the Southern District of Indiana for coordinated or consolidated pretrial proceedings with the eight other loyalty program class action antitrust cases involving crop protection products currently pending in that District.

All of the requirements for transfer are met. There are currently ten cases pending in different districts that involve common questions of fact about the creation, implementation, purpose, and effect of so-called loyalty programs used by Syngenta, Corteva, and BASF with major United States distributors and retailers. All of the Plaintiffs allege that the programs were

designed to and did hobble generic competition for a number of crop protection products, commonly referred to as pesticides.[1]  Each one of the actions challenges the legality of the loyalty programs under federal antitrust law. The Plaintiffs in all the cases seek class action status, although the class definitions and periods in the cases filed in the Middle District of North Carolina cases differ from but are subsumed within those in the Indiana Plaintiffs' complaints. Therefore, establishing a crop protection products loyalty program antitrust litigation MDL in the Southern District of Indiana would further the goals of the multidistrict litigation statute by "promot[ing] the just and efficient conduct" of these actions. 28 U.S.C. §1407(a).

In support of their Motion Indiana Plaintiffs aver as follows:

1.      The Indiana Plaintiffs have filed seven private antitrust class action cases. Other crop protection antitrust class action cases are pending in the Middle District of North Carolina.[2] These lawsuits allege that Defendants Syngenta, Cordova, and BASF created and implemented crop protection products loyalty programs with major United States distributors and retailers, such as Defendants Nutrient AG Solutions and Helena Agra-Enterprises, to artificially maintain monopolies in a variety of crop protection products by excluding generic competition from the market. The Indiana Plaintiffs' actions are listed below in footnote three and on the attached Schedule of Actions.[3]  The first filed loyalty program class action antitrust case is before the

---

[1]  The word "pesticides" includes insecticides, herbicides, and fungicides.

[2] The Federal Trade Commission and ten states filed an action against Syngenta and Corteva in the Middle District of North Carolina alleging that Syngenta's and Corteva's crop protection loyalty programs violate federal and state antitrust laws. *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al. and Corteva, Inc.,* C.A. No. 22-cv-828 (M.D.N.C.). The FTC action is before the Honorable Thomas D. Schroeder. The FTC case is not subject to this Motion.

[3] *Bradley Day Farms v. Syngenta Crop Protection, et al.,; Corteva, Inc.; BASF SE, et al.; Agricultural Products Group; Nutrien AG Solutions, Inc.; Helena Agri-Enterprises, LLC; and*

Honorable Richard L. Young. Six of the Indiana Plaintiffs' cases were initially assigned to the

Honorable Jane E. Magnus-Stinson, and one to the Honorable James P. Hanlon. Because Judge

Young was assigned the first filed pesticides loyalty program case, Indiana Plaintiffs have filed

motions to transfer their cases intra-district to Judge Young.

2.      The Indiana Plaintiffs' complaints allege that Defendants Syngenta, Cordova, and

BASF made loyalty program payments to distributors and retailers such as Defendants Nutrien,

AG Solutions and Helena Agri-Enterprises on the condition that the distributors and retailers

strictly limit the amount of competing generic manufacturers' products they sell to small

percentages of their overall sales of designated pesticides.

3.      The Indiana Plaintiffs allege that these programs had the purpose and effect of

excluding generic rivals from the market for fourteen active ingredients used in pesticides. In

their complaints, the Indiana Plaintiffs allege that Syngenta, Cordova, and BASF used their

---

*Doe Co-Conspirator Distributors and Retailers 1-200,* C.A. No. 22-cv-02223 (S.D. Ind.)*; Chuck Day Farms v. Syngenta Crop Protection, et al.; Corteva, Inc.; BASF SE, et al.; Agricultural Products Group; Nutrien AG Solutions, Inc.; Helena Agri-Enterprises, LLC; and Doe Co-Conspirator Distributors and Retailers 1-200,* C.A. No. 22-cv-02222 (S.D. Ind.)*; Danny Day, Jr. Farms, and Danny Day, Jr. & Son Farm Partnership v. Syngenta Crop Protection, et al.; Corteva, Inc.; BASF SE, et al.; Agricultural Products Group; Nutrien AG Solutions, Inc.; Helena Agri-Enterprises, LLC,* C.A. No. 22-cv-02225 (S.D. Ind.)*;  Shelby Farms, LLC, Hanna Farms, LLC, Choctaw Farms, LLC and G&P Farms Partnership v. Syngenta Crop Protection, et al.; Corteva, Inc.; BASF SE, et al.; Agricultural Products Group; Nutrien AG Solutions, Inc.; Helena Agri-Enterprises, LLC; and Doe Co-Conspirator Distributors and Retailers 1-200,* C.A. No. 22-cv-02226 (S.D. Ind.)*; M and M Farms Partnership and Brick Farms, Inc. v. Syngenta Crop Protection, et al.; Corteva, Inc.; BASF SE, et al.; Agricultural Products Group; Nutrien AG Solutions, Inc.; Helena Agri-Enterprises, LLC; and Doe Co-Conspirator Distributors and Retailers 1-200,* C.A. No. 22-cv-02227 (S.D. Ind.)*; Scott Day Farms v. Syngenta Crop Protection, et al.; Corteva, Inc.; BASF SE, et al.; Agricultural Products Group; Nutrien AG Solutions, Inc.; Helena Agri-Enterprises, LLC; and Doe Co-Conspirator Distributors and Retailers 1-200,* C.A. No. 22-cv-02230 (S.D. Ind.)*; and HYS Farms, LLC v. Syngenta Crop Protection, et al.; Corteva, Inc.; BASF SE, et al.; Agricultural Products Group; Nutrien AG Solutions, Inc.; Helena Agri-Enterprises, LLC; and Doe Co-Conspirator Distributors and Retailers 1-200,* C.A. No. 22-cv-02229 (S.D. Ind.).

loyalty programs to illegally extend their patent monopolies after patent expiration when generic competition could enter the market. As alleged in the complaints, the programs effectively eliminated and continue to eliminate the primary point of market entry for generic products— major pesticide distributors and retailers. Indeed, the eight largest distributors and associated retailers collectively sell over 80% of the crop protection products sold to growers in the United States.

4.      According to the Indiana Plaintiffs' complaints, the purpose and effect of the loyalty programs was to exclude to a material extent generic competition from the market. Because generic products are usually less expensive than branded products, and their presence in the market has the effect of lowering prices, their exclusion allowed Defendants Syngenta, Cordova, BASF and distributors and retailers to artificially maintain high prices for crop protection products containing fourteen active ingredients used in pesticides after patent expiration.

5.      Farmers like the Indiana Plaintiffs claim that they have paid more for the crop protection products containing the active ingredients targeted by the loyalty programs than they would have paid in markets unaffected by Syngenta's, Corteva's, and BASF's loyalty programs.

6.      The Indiana Plaintiffs' complaints allege that Syngenta's loyalty programs with distributors and retailers had anticompetitive effects with respect to the following active ingredients used in crop protection products: metolachlor and s-metolachlor, mesotrione, fomesafen, azoxystrobin, paraquat, and lambada cyhalothrin.

7.      The Indiana Plaintiffs' complaints allege that Corteva's loyalty programs with distributors and retailers had anticompetitive effects with respect to the following active ingredients used in crop protection products: oxamyl, rimsulfuron, and acetochlor.

8.      The Indiana Plaintiffs' complaints allege that BASF's loyalty programs with distributors and retailers had anticompetitive effects with respect to the following active ingredients used in crop protection products: boscalid, F500, glufosinate ammonium, imazomoz, and pendimethalin.

9.      The Indiana Plaintiffs each assert claims under Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act on behalf of the following three classes:

> All persons or entities in the United States that purchased azoxystrobin, mesotrione, metolachlor, fomesafen, paraquat, or lambda cyhalothrin, or any crop protection product containing azoxystrobin, mesotrione, metolachlor, fomesafen, paraquat, or lambda cyhalothrin directly from Syngenta, or any distributor or retailer participating in Syngenta's Loyalty Program for such active ingredients, beginning January 1, 2004, until the effects of the unlawful conduct cease (the "Syngenta Class Period");

> All persons or entities in the United States that purchased rimsulfuron or oxamyl, or any crop protection products containing rimsulfuron or oxamyl, directly from Corteva or any distributor or retailer participating in Corteva's Loyalty Program for such active ingredients, beginning January 1, 2004, until the effects of the unlawful conduct cease (the "Corteva Class Period"); and

> All persons or entities in the United States that purchased Boscalid, F500, Glufosinate ammonium, Imazamox, or Pendimethalin, or any crop protection products containing them, directly from BASF or any distributor or retailer participating in BASF's Loyalty Program for such active ingredients, beginning January 1, 2004, until the effects of the unlawful conduct cease (the "BASF Class Period").

10.      In addition to the Indiana Plaintiffs' cases, another action against Syngenta and Corteva, as well as distributors and retailers Nutrien AG Solutions, Inc. and CHS Inc., based on the same underlying conduct described above, is pending in the Southern District of Indiana before the Honorable Richard L. Young. *Jenkins v. Corteva, Inc., Syngenta Crop Protection AG, et al., CHS Inc., and Nutrien AG Solutions, Inc*., C.A. No. 1:22-cv-01976 (S.D. Ind.). The *Jenkins* case alleges violations of Sections 1 and 2 of the Sherman Act.

11.     The class is defined in Jenkins' complaint as follows:

All persons or entities in the United States that purchased CPPs [Crop Protection Products] containing rimsulfuron, oxamyl, or acetochlor, or CPPs containing azoxystrobin, mesotrione, metolachlor, or s-metolachlor, directly from CHS, Nutrien, or any other wholesaler or retailer that was subject to a loyalty program with Syngenta or Corteva during the period beginning at least as early as January 1, 2017 until such time as the anticompetitive conduct alleged herein has ceased (the "Class Period"). Excluded from the Class are (a) Defendants and their subsidiaries, affiliate entities, and employees, and (b) all federal or state government entities or agencies.

12.     Two related private crop protection loyalty program cases based on the same underlying conduct described above have been filed in the Middle District of North Carolina against Syngenta and Corteva.[4]  These cases are before the Honorable Thomas D. Schroeder. Plaintiffs in these cases claim that the loyalty programs violate Sections 1 and 2 of the Sherman Act, as well as various state laws.

13.     The class is defined in both the *Anderson* and *Croscut* cases as follows:

All persons or entities who, since January 1, 2017, and continuing through the present (the "Class Period"), purchased pesticides in the United States containing the active ingredients azoxystrobin, mesotrione, metolachlor, rimsulfuron, oxamyl, or acetochlor.

14.     The Federal Trade Commission and ten states filed an action against Syngenta and Corteva in the Middle District of North Carolina alleging that Syngenta's and Corteva's crop protection loyalty programs violate federal and state antitrust laws. *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al. and Corteva, Inc.*, C.A. No. 22-cv-828 (M.D.N.C.). The FTC action is before the Honorable Thomas D. Schroeder. The FTC case is not subject to this Motion.

---

[4] *Charles Anderson v. Syngenta Crop Protection AG, et al. and Corteva, Inc.*, C.A. 1:22-cv-858 (M.D.N.C.) and *Croscut v. Syngenta Crop Protection AG, et al. and Corteva, Inc*., C.A. 1:22-cv-00899 (M.D.N.C.)

15.     Plaintiffs in all of the actions have sued Syngenta and Corteva with respect to six active ingredients used in crop protection products.[5] The Indiana Plaintiffs' and Jenkins have also sued Nutrien AG Solutions, Inc., and the Indiana Plaintiffs have sued an additional distributor. Even though distributors and retailers are not named in every case, each case will focus on the various distributors and retailers that agreed to limit generic product sales in order to obtain payments under the loyalty programs, whether or not they are named as defendants.

16.     All the cases are in their incipient stages and no substantive rulings have been made.

17.     Centralization of the crop protection loyalty program class action antitrust cases is appropriate because there are common questions of fact regarding the creation, use, and effect of the loyalty programs that are central to all the cases, and which will not differ an iota from one case to another. The same discovery will be required with respect to each Defendant and the other major distributors and retailers of pesticides across all the cases. It would be inefficient and unnecessarily expensive for such discovery to take place more than once. Further, an MDL proceeding would eliminate the possibility of inconsistent decisions on discovery issues.

18.     Further, all the cases are asserting antitrust claims against each of the Defendants based on the same set of facts. It would be most efficient for one court to consider and decide the procedural and substantive legal issues common to the cases, such as whether the Plaintiffs' complaints state claims upon which relief can be granted, class certification, and summary

---

[5] The Panel has not required a complete identity of parties or common facts for transfer when there is a core of common factual issues. Here, Syngenta and Corteva have been sued in every case. The same six active ingredients used in pesticides made by Syngenta and Corteva are the subject of all the actions. The presence of common facts, Defendants, and products far outweighs any differences between the Indiana Plaintiffs' more comprehensive actions and those filed in North Carolina and the overlap in central factual (and legal) issues, parties, and claims warrants the creation of an MDL.

judgment, as well as myriad other issues that will arise. Having one court decide these issues conserves judicial and party (and third-party) resources and eliminates the potential for inconsistent rulings.

19.     As described above, the cases allege similar class definitions. The presence of overlapping but not identical class definitions also supports transfer of the actions to one court.

20.     Transfer to the Southern District of Indiana and Judge Young is warranted. Judge Young has the first filed case. Judge Young is an experienced MDL jurist, having presided since 2014 over *In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation*, MDL 2570.[6]  More actions are in the Southern District of Indiana than in any other District and Defendant Corteva is headquartered in Indianapolis. Further, the Southern District of Indiana is a convenient venue for all the parties in the actions.

21.     Therefore, in order to prevent duplicative discovery, costs, and inconsistent pretrial rulings and to conserve judicial and party (and non-party) resources, the Indiana Plaintiffs respectfully request that the Panel centralize the actions set forth on the attached Schedule of Actions, and any subsequently filed related cases, in the Southern District of Indiana before the Honorable Richard L. Young for coordinated or consolidated pretrial proceedings.

---

[6] It is common for the Panel to assign more than one MDL to a judge. For example, Judge Martinotti is the MDL judge in *In re Allergan Biocell Textural Breast Implant Products Liability Litig.*, MDL No. 2921 (D.N.J.) and *In re Elmiron (Pentosan Polysulfate Sodium) Products Liability Litig.*, MDL No. 2973 (D.N.J.). Similarly, Judge Battani was the MDL judge in *In re Automotive Parts Antitrust Litig.*, MDL No. 2311 (ED Mich.), which started out as a single product MDL—*In re Wire Harness Systems Antitrust Litig.*—and then grew to encompass dozens of separate actions brought by direct and indirect purchasers of a variety of automobile parts under the *Automotive Parts Antitrust Litig*ation umbrella. Judge Tunheim has three MDLs in the District of Minnesota.

Dated: November 23, 2022                 Respectfully submitted,

                                         /s/ William E. Hoese
                                         KOHN, SWIFT & GRAF, P.C.
                                         1600 Market Street, Suite 2500
                                         Philadelphia, PA  19103
                                         Telephone:  215-238-1700
                                         Fax: 215-238-1968
                                         whoese@kohnswift.com

                                         Michael L. Roberts
                                         Dr. Kelly A. Rinehart
                                         ROBERTS LAW FIRM, PA
                                         1920 McKinney Avenue, Suite 700
                                         Dallas, TX 75204
                                         Telephone: (501) 952-8558
                                         mikeroberts@robertslawfirm.us
                                         kellyrinehart@robertslawfirm.us

                                         Michael D. Hausefeld
                                         James J. Pizzirusso
                                         HAUSEFELD LLP
                                         888 16th Street, N.W., Suite 300
                                         Washington, DC 20006
                                         Telephone: (202) 540-7200
                                         mhausfeld@hausfeld.com
                                         jpizzirusso@hausfeld.com

                                         Michael P. Lehmann
                                         HAUSEFELD LLP
                                         600 Montgomery Street, Suite 3200
                                         San Francisco, CA  94111
                                         Telephone: (415) 633-1908
                                         mlehmann@hausfeld.com

Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
sgilchrist@cohenandmalad.com

Randall B. Weill
Gregory P. Hansel
Michael S. Smith
Elizabeth F. Quinby
PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
rweill@preti.com
ghansel@preti.com
msmith@preti.com
equinby@preti.com

Francis O. Scarpulla
Patrick Clayton
LAW OFFICES OF FRANCIS O. SCARPULLA
3708 Clay Street
San Francisco, CA  94118
Telephone: (415) 751-4193
fos@scarpullalaw.com
pbc@scarpullalaw.com

Attorneys for Southern District of Indiana Plaintiffs
Bradley Day Farms; Chuck Day Farms; Danny Day,
Jr. Farms; Danny Day, Jr. & Son Farm Partnership;
Shelby Farms, LLC; Hanna Farms, LLC; Choctaw
Farms, LLC; G&P Farms Partnership; M and M
Farms Partnership; Brick Farms, Inc.; Scott Day
Farms; and HYS Farms, LLC