# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JUSTIN W. JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>CORTEVA, INC.; SYNGENTA CROP PROTECTION AG; SYNGENTA CORP.; SYNGENTA CROP PROTECTION, LLC.; CHS, INC.; JOHN DOE DEFENDANT WHOLESALERS 1-5; AND JOHN DOE DEFENDANT RETAILERS 6-10,<br><br>Defendants. | Case No. 1:22-cv-01976-RLY-DLP |
| CHUCK DAY FARMS PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC; CORTEVA, INC.; BASF SE; BASF CORPORATION; BASF AGRICULTURAL PRODUCTS GROUP; NUTRIEN AG SOLUTIONS, INC., HELENA AGRI-ENTERPRISES, LLC; and DOE CO-CONSPIRATOR DISTRIBUTORS AND RETAILERS 1-200,<br><br>Defendants. | Case No.: 1:22-cv-02222-JMS-MG |
| BRADLEY DAY FARMS,<br><br>Plaintiff,<br>v.<br><br>SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC; CORTEVA, INC.; BASF SE; BASF CORPORATION; BASF | Case No: 1:22-cv-02223-JMS-MG |

| | |
|---|---|
| AGRICULTURAL PRODUCTS GROUP; NUTRIEN AG SOLUTIONS, INC., HELENA AGRI-ENTERPRISES, LLC; and DOE CO-CONSPIRATOR DISTRIBUTORS AND RETAILERS 1-200,<br><br>        Defendants. | |
| DANNY DAY, Jr. FARMS, and DANNY DAY, Jr. & SON FARM PARTNERSHIP,<br><br>        Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC; CORTEVA, INC.; BASF SE; BASF CORPORATION; BASF AGRICULTURAL PRODUCTS GROUP; NUTRIEN AG SOLUTIONS, INC., HELENA AGRI-ENTERPRISES, LLC,<br><br>        Defendants. | Case No.: 1:22-cv-02225-JMS-MJD |
| SHELBY FARMS, LLC, HANNA FARMS, LLC, CHOCTAW FARMS, LLC, and G&P FARMS PARTNERSHIP,<br><br>        Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, CORTEVA, INC., BASF SE; BASF CORPORATION, BASF AGRICULTURAL PRODUCTS GROUP, NUTRIEN AG SOLUTIONS, INC., HELENA AGRI-ENTERPRISES, LLC, and DOE CO-CONSPIRATOR DISTRIBUTORS AND RETAILERS 1-200,<br><br>        Defendants. | Case No.: 1:22-cv-02226-JPH-MJD |

| | |
|---|---|
| M and M FARMS PARTNERSHIP and BRICK FARMS, INC,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC; CORTEVA, INC.; BASF SE; BASF CORPORATION; BASF AGRICULTURAL PRODUCTS GROUP; NUTRIEN AG SOLUTIONS, INC., HELENA AGRI-ENTERPRISES, LLC; and DOE CO-CONSPIRATOR DISTRIBUTORS AND RETAILERS 1-200,<br><br>Defendants. | Case No.: 1:22-cv-02227-JMS-TAB |
| HYS FARMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC; CORTEVA, INC.; BASF SE; BASF CORPORATION; BASF AGRICULTURAL PRODUCTS GROUP; NUTRIEN AG SOLUTIONS, INC., HELENA AGRI-ENTERPRISES, LLC; and DOE CO-CONSPIRATOR DISTRIBUTORS AND RETAILERS 1-200,<br><br>Defendants. | Case No.: 1:22-cv-02229-JMS-MPB |
| SCOTT DAY FARMS,<br><br>Plaintiff,<br>v.<br><br>SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC; CORTEVA, INC.; BASF SE; BASF CORPORATION; | Case No.: 1:22-cv-02230-JMS-TAB |

| BASF AGRICULTURAL PRODUCTS GROUP; NUTRIEN AG SOLUTIONS, INC., HELENA AGRI-ENTERPRISES, LLC; and DOE CO-CONSPIRATOR DISTRIBUTORS AND RETAILERS 1-200, | |
|---|---|
| Defendants. | |

**[PROPOSED] ORDER GRANTING**
**RELATED PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

Related Plaintiffs Bradley Day Farms, Chuck Day Farms, Danny Day, Jr. Farms, Danny Day, Jr. & Son Farm Partnership, Shelby Farms, LLC, Hanna Farms, LLC, Choctaw Farms, LLC, G&P Farms Partnership, M and M Farms Partnership, Brick Farms, Inc., Scott Day Farms, and HYS Farms, LLC (the "Related Plaintiffs") have filed seven actions that share defendants and claims with the instant case, and have moved for consolidation of all of the cases in this Court pursuant to Rule 42 of the Federal Rules of Civil Procedure and S.D. Ind. Local Rule 42-1. The eight cases (hereafter the "Related Actions") are:

1. *Justin W. Jenkins v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-01976-RLY-DLP;

2. *Bradley Day Farms v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-02223-JMS-MG;

3. *Chuck Day Farms v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-02222-JMS-MG;

4. *Danny Day, Jr. Farms, and Danny Day, Jr. & Son Farm Partnership v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-02225-JMS-MJD;

5. *Shelby Farms, LLC, Hanna Farms, LLC, Choctaw Farms, LLC and G&P Farms Partnership v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-02226-JPH-MJD*;*

6. *M and M Farms Partnership and Brick Farms, Inc. v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-02227-JMS-TAB*;*

7. *Scott Day Farms v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-02230-JMS-TAB*;*

8. *HYS Farms, LLC v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-02229-JMS-MPB.

A notice of the Motion to Consolidate has been filed in each of the other Related Actions pursuant to S.D. Ind. Local Rule 42-1(b).

Plaintiff Justin Jenkins filed the instant case on October 7, 2022. The remaining Related Actions were filed on November 17, 2022, and in each case Plaintiffs filed a Notice of Related Action pursuant to S.D. Ind. Local Rule 40-1 informing the assigned Courts that the action "arises out of the same transaction or occurrence and concerns several of the same parties as *Jenkins v. Corteva, Inc., et al.*, Case No. 1:22-cv-01976-RLY-DLP."

Under Rule 42, a court may consolidate actions that "involve a common question of law or fact." F.R.C.P. 42(a)(2) "Consolidation is preferred if it will promote judicial economy and efficiency without prejudice to the parties." *Adams v. Northern Public Service Co.,* 2012 WL 23575324, at *l (N.D. Ind. June 22, 2012). Courts should consider "whether the risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, and the length of time required to conclude multiple suits

as against a single one, and the relative expense to all concerned." *Id.* (citing *Arnold v. Eastern Airlines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982); *Ikerd v. Lapworth,* 435 F.2d 197, 204 (7th Cir. 1970); *Van Patten v. Wright,* 2009 WL 1886010, *2 (E.D. Wis. 2009); *Back v. Carter,* 933 F. Supp. 738, 748 (N.D. Ind. 1996)).

Here, the Related Actions share common parties and common issues. With limited exceptions, the Related Actions are brought against the same group of Defendants. All of the Related Actions arise from the Defendants' use of agreements alleged to be exclusive dealing arrangements in the form of "loyalty programs" with distributors and retailers in their sales of certain herbicide, insecticide and fungicide active ingredients. All of the Related Actions assert claims under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, and all but one assert claims under Section 3 of the Clayton Act, 15 U.S.C. § 14. Each Related Action also is brought on behalf of proposed classes of persons and entities in the United States that purchased the relevant ingredients from Defendants or from distributors and retailers with whom Defendants employ loyalty programs. The Related Actions therefore involve substantially identical issues of law and fact.

Consolidation of the Related Actions will likewise serve the convenience of the parties and witnesses and promote the just and efficient course of this litigation. It will eliminate duplicative discovery and prevent inconsistent rulings, including on the core shared issues of the Related Actions. Consolidation will also conserve the resources of the parties, their counsel and the judiciary, by allowing common briefing and oral argument on motions. Consolidation will therefore "promote judicial economy and efficiency."

Consolidation also will not delay the proceedings in the Related Actions or unduly

prejudice any of the parties. Any possible prejudice or confusion caused by consolidation is outweighed by the risk of inconsistent rulings, duplicitous discovery and motion practice that would exist with separate but highly similar cases, as well as by the burden on the parties, the courts and counsel resulting from multiple lawsuits.

Related Plaintiffs previously filed in this case their Notice of Filing of Motion Before Judicial Panel on Multidistrict Litigation to Transfer Related Cases for Coordinated or Consolidated Pretrial Proceedings (ECF No. 34). The motion before the Judicial Panel on Multidistrict Litigation ("JPML") has been docketed as *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, MDL No. 3062, and the JPML has set a briefing schedule on the motion extending at least through December 27, 2022. *Id*. at ECF No. 4. The JPML hearing on the motion is expected to occur on January 26, 2023 (https://www.jpml.uscourts.gov/hearing-information). Consolidation will promote judicial economy and efficiency without prejudice to the parties during the period pending the JPML's ruling on the motion to consolidate and transfer, and in the event the JPML denies the motion.

The Court orders that the Related Actions are hereby consolidated pursuant to F.R.C.P. 42(a)(2). The Court directs that the filings in each matter carry the case number of the first-filed case, *Justin W. Jenkins v. Syngenta Crop Protection AG, et al.,* Case No. 1:22-cv-01976-RLY-DLP, and that all future filings shall bear the following caption:

| In re: Crop Protection Products Loyalty Program Agreements Antitrust Litigation. | Case No. 1:22-cv-01976-RLY-DLP |
|---|---|

Consistent with the Court's November 29, 2022 Order (ECF No. 39), Defendants in the Related Actions shall have to and including January 20, 2023 to answer or otherwise respond

to the complaints filed in the Related Actions.

      IT IS SO ORDERED.

                                                  _____
                                                  The Honorable Richard L. Young, Judge
                                                  U.S District Court, Southern District of Indiana